# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2179
_____

Robyn G. Edwards; Mikki Adams

*Plaintiffs - Appellants*

v.

Gene Salter Properties and Salter Construction Inc.; Brittany Pringle, Employee

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 6, 2016
Filed: December 19, 2016
[Unpublished]
_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Robyn Edwards and Mikki Adams appeal after the District Court dismissed their pro se action for failure to state a claim under the Fair Housing Act (FHA). Plaintiffs tried to rent an apartment from defendants but were told they had to show they had sufficient income to qualify as renters by providing pay stubs, an "offer letter," or tax returns. Plaintiffs could not provide such documentation because their

only sources of income were government disability benefits, retirement benefits, and rental income. Plaintiffs offered to provide proof of these income sources, but defendants refused to accept such proof.

As relevant, plaintiffs claim that defendants violated the FHA by refusing to allow them to prove that they had sufficient income to qualify as renters through documentation of their receipt of government benefits and rental income. See 42 U.S.C. § 3604(f)(1) (stating that it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap"). We agree with the District Court that plaintiffs did not sufficiently allege disparate treatment. They alleged that they were treated differently because of their form of income, not because of a handicap. See Peebles v. Potter, 354 F.3d 761, 766 (8th Cir. 2004) ("In disparate-treatment cases [under the Rehabilitation Act], a similarly situated disabled individual is treated differently because of his disability than less- or non-disabled individuals."). Further, plaintiffs did not sufficiently allege a disparate impact, that is, that handicapped persons are or will be disproportionately impacted by the income-verification policy. See Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (noting in a Title VII case that disparate-impact discrimination involves practices that have a "disproportionately adverse effect" on a protected group).

We conclude, however, that plaintiffs sufficiently alleged that defendants violated the FHA by failing to make a reasonable accommodation necessary to afford them the equal opportunity to rent an apartment from defendants. See 42 U.S.C. § 3604(f)(3)(B) (stating that handicap discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"). Plaintiffs may be able to show that the requested accommodation was reasonable, even if the inability to comply with defendants' policy for documenting income was not caused by Edwards's handicap. See US Airways, Inc. v. Barnett, 535 U.S. 391, 398 (2002) (noting that a reasonable accommodation might

involve making an exception to a facially neutral rule that others must obey in order to allow a disabled employee to hold a position that he was able to perform).

We vacate the dismissal of plaintiffs' failure-to-accommodate claim, we affirm in all other respects, and we remand to the district court for further proceedings consistent with this opinion.

———————————————